UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PAUL R. DILGER, DERRICK J. HAMMETTER, ANTOINETTE M. VINKAVICH, PATRICIA A. SKRZYPCHAK, AND DON TIEGS,<br><br>    Plaintiffs,<br><br>  v.<br><br>IOD INCORPORATED, ABC INSURANCE CO., VERISMA SYSTEMS, INC., DEF INSURANCE CO., CIOX HEALTH, LLC, and GHI INSURANCE CO.,<br><br>    Defendants. | Case No.: 2:17-CV-1753 |

## NOTICE OF REMOVAL

To   Brett A. Eckstein                         David J. Hanus
     Edward E. Robinson                        Elizabeth A. Odian
     Allan M. Foeckler                         HINSHAW & CULBERTSON LLP
     CANNON & DUNPHY, S.C.                     100 E. Wisconsin Ave., Suite 2600
     595 N. Barker Rd.                         Milwaukee, WI 53202
     Brookfield, WI 53008-1750

**PLEASE TAKE NOTICE** that Ciox Health, LLC ("Ciox"), by its attorneys, Gass Weber Mullins LLC, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, files this Notice of Removal with the Court to remove this action from the Circuit Court for Waukesha County, Wisconsin to the United States District Court for the Eastern District of Wisconsin. This putative class action is removable because the Court has jurisdiction based upon diversity of citizenship. The grounds for removal of this action are as follows:

1.   On May 5, 2017, Paul R. Dilger, Derrick J. Hammetter, Antoinette M. Vinkavich, Patricia A. Skrzypchak, and Don Tiegs ("Plaintiffs"), through their attorneys Cannon & Dunphy,

S.C., filed a Summons and Complaint designated as Case No. 17-CV-768 in the Circuit Court for Waukesha County, Wisconsin (the "Complaint").

2. On June 2, 2017, Plaintiffs served the Complaint on Ciox. A true and correct copy of the Summons and Complaint is attached as **Exhibit 1**.

3. On November 17, 2017, Plaintiffs filed their Amended Complaint, which Ciox received via the state court electronic filing system the same day. A true and correct copy of the Amended Complaint is attached as **Exhibit 2**.

4. Plaintiffs allege that they bring this action on their own behalf and on behalf of the members of a proposed class of individuals and entities that are similarly situated. (Am. Compl. ¶ 29.) Plaintiffs allege that the proposed class consists of "several thousand persons and entities." (*Id.*, ¶ 30.)

5. Plaintiffs allege that Ciox may be liable for actual damages and exemplary damages of up to $25,000 per class member. (*See* Am. Coml. ¶¶ 38-40.)

6. Ciox has not served a response to the Amended Complaint.

7. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) and (b) because there is diversity of citizenship between Plaintiffs and Ciox and the amount in controversy exceeds $5,000,000. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

8. For the purposes of diversity, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). There is diversity between Plaintiffs and Ciox because:

a. Plaintiffs are all residents of the State of Wisconsin (Am. Compl. ¶¶ 1-5), and

b. Defendant Ciox is a corporation organized and existing under the laws of the State of Georgia, with a principal place of business located at 925 North Point Parkway, Suite 350, Alpharetta, Georgia 30005. *See* Wis. Dept. of Fin. Inst. Website, Corporate Records Search, "CIOX HEALTH, LLC" (a true and correct copy of this website, as visited on Dec. 14, 2017, is attached hereto as **Exhibit 3**).

9. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs. Although the Amended Complaint does not specify a particular dollar amount sought by Plaintiffs, Plaintiffs have alleged both that there are "thousands" of class members and that each class member may be entitled to $25,000. It would only take 200 class members receiving $25,000 each to reach $5,000,000, so the alleged class of thousands easily exceeds the $5,000,000 threshold.

10. This Notice of Removal is timely under Section 1446(b)(3) of Title 28 of the United States Code because 30 days have not elapsed since Ciox received the Amended Complaint on November 17, 2017. Plaintiffs did not allege in the original Complaint that they were seeking exemplary damages under Wis. Stat. § 146.84 (the provision that supplies the $25,000 figure Plaintiffs allege in paragraph 40 of the Amended Complaint), so it did not appear that the amount-in-controversy requirement was satisfied. Only upon receipt of the Amended Complaint did Ciox learn that Plaintiffs sought recovery under Wis. Stat. § 146.84, and thus that the amount-in-controversy requirement was satisfied.

11. The exception to diversity jurisdiction enumerated in Section 1332(d)(4)(A) of Title 28 of the United States Code does not apply because no defendant is a citizen of Wisconsin.

IOD Incorporated was a citizen of Wisconsin prior to its termination on July 1, 2015, but IOD Incorporated no longer exists and thus has no citizenship. *See* Wis. Dept. of Fin. Inst. Website, Corporate Records Search, "IOD INCORPORATED" (a true and correct copy of this website, as visited on Dec. 14, 2017, is attached hereto as **Exhibit 4**.)

12. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Ciox are attached as **Exhibit 5**.

13. Concurrent with the filing of this Notice of Removal, Ciox will notify Plaintiffs and the Clerk of the Circuit Court for Waukesha County that this case is the subject of a petition for removal in the United States District Court for the Eastern District of Wisconsin, as required by 28 U.S.C. § 1446(d).

Dated: December 15, 2017.

GASS WEBER MULLINS LLC
Attorneys for Defendant Ciox Health, LLC

s/Daniel A. Manna
John Franke, SBN 1017283
Daniel A. Manna, SBN 1071827
241 N. Broadway, Suite 300
Milwaukee, Wisconsin 53202
(414) 223-3300 – phone
(414) 224-6116 – fax
franke@gwmlaw.com
manna@gwmlaw.com