# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL R. DILGER, DERRICK J. HAMMETTER, ANTOINETTE M. VINKAVICH, PATRICIA A. SKRZYPCHAK, and DON TIEGS,

    Individually and on behalf of all other similarly situated persons or entities,

        Plaintiffs,

v.

IOD INCORPORATED, ABC INSURANCE CO., the fictitious name for an unknown insurance company, VERISMA SYSTEMS, INC., DEF INSURANCE CO., the fictitious name for an unknown insurance company, CIOX HEALTH, LLC, GHI INSURANCE CO., the fictitious name for an unknown insurance company,

        Defendants.

Case No. 2:17-cv-01753

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO REMAND, AND IN THE ALTERNATIVE, FOR ENTRY OF DEFAULT AGAINST CIOX

## INTRODUCTION

On May 5, 2017, the Dilger plaintiffs, individually and on behalf of a class of similarly situated individuals, commenced this lawsuit in Waukesha County Circuit Court against IOD, Inc., Verisma Systems and CIOX Health, LLC. Plaintiffs' claims are based on defendants charging them costs for medical records in excess of the amounts legally permitted by Wis. Stat. §146.83(3f)(b)4.-5. Plaintiffs filed an amended complaint on November 17, 2017. On December 15, 2107, defendant CIOX removed the case to this Court. Plaintiffs oppose that removal and move to remand pursuant to 28 U.S.C. § 1447(c) because:

- CIOX's notice of removal is untimely. Plaintiffs' original complaint, which was served on CIOX on June 2, 2017, provided more than sufficient notice that the compensatory and punitive damages in this case exceeded $5 million. If anything, the amended complaint's reference to Wis. Stat. §146.84, which limits the amount of punitive damages available for violations of §146.83, *reduced* rather than *expanded* the amount of damages sought in this case;
- CIOX has not satisfied the amount in controversy element necessary for federal court jurisdiction; and
- Ciox's notice of removal does not establish grounds for this court to exercise jurisdiction in any event.

Alternatively, this Court should direct the Clerk to enter default against CIOX under Federal Rule of Civil Procedure 55(a) based on CIOX's failure to answer plaintiffs' amended complaint.

## ARGUMENT

"Courts interpret the removal statutes narrowly with the implicit understanding that a plaintiff is free to choose his forum." Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co. Inc., 607 F. Supp. 2d 967, 973 (E.D. Wis. 2009). "The Court must resolve any doubts regarding subject matter jurisdiction in favor of remand." Id; Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758 (7th Cir. 2009) ("federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."). The facts asserted by the removing party "must clearly demonstrate that jurisdiction rests in federal court." Gensplit Finance Corp. v. FCIA, 616 F. Supp. 1504, 1508 (E.D. Wis. 1985).

The party who removes the case to federal court "bears the burden of establishing the propriety of the removal." Tom's Quality Millwork, Inc. v. Delle Vedove USA, Inc., 10 F. Supp. 2d 1042, 1044 (E.D. Wis. 1998). Under the Class Action Fairness Act of 2005 ("CAFA"), federal courts have original jurisdiction over class actions when the plaintiff class has 100 or more

members, when one plaintiff is diverse from one defendant, and the amount in controversy is at least $5 million. 28 U.S.C. §§ 1332(d)(2), (5), (6)[1]; see Roppo v. Travelers Commercial Ins. Co., 869 F.3d 568, 578 (7th Cir. 2017). CAFA does not alter the removing party's "burden of establishing the district court's jurisdiction." Id.

## I. THIS CASE SHOULD BE REMANDED BECAUSE CIOX'S NOTICE OF REMOVAL IS UNTIMELY.

Section 28 U.S.C. §1446(b) requires a Notice of Removal to be filed within 30 days of when the defendant is served with the "the initial pleading" or an "amended pleading" from which it can be determined the case is removable. See Phoenix Container, L.P. v. Sokoloff et al, 235 F.3d 352 (7th Cir. 2000)("timeliness is a statutory condition of removal."). The test is whether the pleadings contain enough "conspicuous clues" to put the defendant on notice that "removal under diversity jurisdiction is a likely possibility." Kohl's Department Stores, Inc. v. Perkowitz & Ruth Architects, 2010 WL 4386677 (E.D. Wis. Oct. 28, 2010); Freeland v. Wal-Mart Stores East, LP, 2010 WL 1981642,*2 (W.D. Wis. May 17, 2010).[2]

CIOX was served with the original complaint on June 2, 2017. (Aff. Service, Eckstein Aff. ¶2 Exh.1) The complaint contained claims for declaratory judgment, unjust enrichment, conversion and **punitive damages**, alleging that:

---

[1] The current motion is not about whether CIOX can meet its burden of establishing jurisdiction. This motion is about the procedural requirements necessary to allow for removal in the first instance.

[2] In Walker v. Trailer Transit, Inc., 727 F.3d 819, 824 (7th Cir. 2013), the Seventh Circuit adopted a "bright-line rule" that the pleading or other paper triggering the 30-day window to remove "must specifically disclose the amount of monetary damages sought." However, in Wisconsin, the plaintiff cannot specify the amount of damages sought in the complaint. See Wis. Stat. § 802.02(1m). Under the circumstances of this case, CIOX admits that it would only take 200 class members with damages of $25,000 to reach the $5 million benchmark. Thus, Walker is inapplicable. Walker did not consider circumstances where the defendant *concedes* that they knew a case in controversy exceeded $5 million by something less.

- the proposed class is comprised of several thousand persons and entities, who possess multiple separate claims. (Complaint at ¶30 (R1, Exh. 1));

- by intentionally, knowingly, and/or unlawfully imposing certification charges and retrieval fees as a condition for releasing the plaintiffs' and proposed class members' medical records, the defendants took money belonging to the plaintiffs and the proposed class by compulsion and without their consent, resulting in a conversion and clear violation of Wis. Stat. § 146.83(3f)(b)4. and 5; (Id. at ¶¶ 39-40, ¶¶ 47-48) and

- defendants acted in an intentional disregard of the rights of the plaintiffs and proposed class members, subjecting them to punitive damages. (Id. at ¶ 52)

The complaint sought compensatory and **punitive damages** on behalf of each of the class members. (R1, Exh.1) While the complaint does not specifically allege an amount in controversy, it was not required to do so. See SJ Properties Suites v. Specialty Fin. Grp., LLC, 733 F. Supp. 2d 1021, 1035 (E.D. Wis. 2010); Kohls Dept. Stores, Inc., 2010 WL 4386677 at *2; Wis. Stat. § 802.02(1m).

CIOX claims that it was not until it received plaintiffs' amended complaint—with the allegation seeking statutory punitive damages under Wis. Stat. § 146.84[3]—that it "appear[ed] that the amount-in-controversy requirement was satisfied." [R1 at p.3) CIOX reasons that if each class member is entitled to $25,000, it would only take 200 class members to reach the

---

[3] §146.84, "Violations Related to Patient Health Care Records," provides:

(1) Actions for Violations; Damages; Injunction.
….
(b) Any person, including the state or any political subdivision of the state, who violates s. 146.82 or 146.83 in a manner that is knowing and willful shall be liable to any person injured as a result of the violation for actual damages to that person, exemplary damages of not more than $25,000 and costs and reasonable actual attorney fees.

(bm) Any person, including the state or any political subdivision of the state, who negligently violates s. 146.82 or 146.83 shall be liable to any person injured as a result of the violation for actual damages to that person, exemplary damages of not more than $1,000 and costs and reasonable actual attorney fees.

$5 million benchmark. (Id.) CIOX is correct on the math. See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co., 637 F.3d 827, 831 (7th Cir. 2011) (punitive damages factor into the amount-in-controversy calculation."). *The pitfall for CIOX is that this was true at the time CIOX was served with the original complaint on June 2, 2017.* Punitive damages *have always been* in this case. The amended complaint added nothing material to the analysis. In the original complaint, plaintiffs alleged that "defendants acted in an intentional disregard of the rights of the plaintiffs" and sought punitive damages on behalf of "several thousand persons and entities." (R1, Exh. 1 at ¶30)

Wisconsin's general punitive damages statute permits punitive damages at "twice the amount of any compensatory damages recovered by the plaintiff **or $200,000**, whichever is greater." Wis. Stat. § 895.034. These statutory parameters for punitive damages *far exceed* the $25,000 maximum permitted under § 146.84. This potential level of exposure was known or should have been known to CIOX when it was served with the original complaint. See Belnap v. Crenshaw Consulting Grp., LP, 2010 WL 11508716, at *3-4 (N.D. Ga. Mar. 15, 2010)(holding defendant's notice of removal from plaintiffs' third amended complaint untimely because second amended complaint satisfied the amount-in-controversy requirement from the facts alleged before the third amended complaint, which specifically sought monetary damages over $75,000).

Even with a class of one thousand individuals, it would only take $5,000 in total damages per person (compensatory and punitive damages combined) to meet the $5 million threshold. With a class of two thousand individuals, it would only take $2,500 in damages per person to meet the threshold. CIOX and its counsel had to be aware of these numbers and

that its exposure could easily exceed $5 million *from the outset of this litigation, more than seven months ago*.

CIOX's reliance on the amended complaint's reference to Wis. Stat. § 146.84 is simply an attempted means for it to file a late Notice of Removal. Adding a reference to the caps on punitive damages in § 146.84(1)(b)(capping punitive damages at $25,000 for "knowing and willful" violations) and (1)(bm)(capping punitive damages at $1,000 for "negligent" violations) did nothing to further increase the damages sought. If anything, the allegations in the amended complaint referencing § 146.84 *limited* the scope of punitive damages for any statutory violations under § 146.83(3f)(b)4. and 5., rather than *expanding* the scope of damages in this case.[4]

At the time of the service of the original complaint, defendant CIOX had more than "enough information from plaintiff's complaint to form a reasonable belief that removal would be possible" under 28 U.S.C. § 1332(d)(2). See Freeland, 2010 WL 1981642, *4. CIOX's notice of removal was, therefore, due thirty days later, or by July 3, 2017. As a result, CIOX's removal on December 15, 2017 was untimely. This case should be remanded to Waukesha County Circuit Court. See AnchorBank, FSB v. Paul, 2011 WL 13209306, at *2 (W.D. Wis. Nov. 7, 2011) (untimely removal to federal court requires "remand[] to the state court.").[5]

---

[4] Even so, in In re Brand Name Prescription Drugs Antitrust Litigation, 123 F.3d 599, 607-08 (7th Cir. 1997), the court declined to allocate a statutory maximum penalty to each member of the class for purposes of determining whether the amount-in-controversy requirement was satisfied.

[5] If this Court determines CIOX motion to remand was timely, then CIOX "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." Meridian Sec. Ins. Co., 441 F.3d at 543. If CIOX satisfies its burden, plaintiffs are entitled to do discovery to determine whether any exceptions to CAFA apply. These issues are not encompassed in a § 1447(c) remand motion.

## II. THIS CASE SHOULD BE REMANDED BECAUSE CIOX HAS NOT SATISFIED THE AMOUNT IN CONTROVERSY ELEMENT NECESSARY FOR FEDERAL JURISDICTION.

Even if CIOX's notice of removal is timely, it has failed to establish the requisite evidence to satisfy the amount in controversy. Once the opponent of federal jurisdiction challenges the "allegation of the amount in controversy," the removing party "must support its assertion with competent proof." Zhang, 2011 WL 1533008 at *4-5. The removing defendant "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006).

A party must do more than "point to the theoretical availability of certain categories of damages." Am. Bankers Life Assur. of Florida v. Evans, 319 F.3d 907, 909 (7th Cir. 2003). There are different avenues through which a removing defendant can meet its burden:

> by calculation from the complaint's allegations … by reference to the plaintiff's informal estimates or settlement demands … or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

Roppo, 869 F.3d at 579.

CIOX comes nowhere near its burden of proof. CIOX offers no informal or rough estimates of the number of transactions at issue or the class members' actual damages. CIOX filed no affidavits establishing the number of plaintiffs it overcharged for medical records, nor the amounts of the surcharges. This case is easily distinguishable from those where a removing defendant had evidentiary proof. See Spivey v. Vertrue, Inc., 528 F.3d 982, 985 (7th Cir. 2008) (in class action alleging unauthorized credit card charges, affidavit from defendant established that its billing charges came to nearly $7 million); Brill v. Countrywide Home Loans, Inc., 427

F.3d 446, 449 (7th Cir. 2005) (in class action alleging violations of the Telephone Consumer Protection Act, defendant admitted that one employee sent 3800 faxes).  CIOX simply takes the maximum amount of punitive damages theoretically recoverable under Wis. Stat. §146.84 ($25,000), and multiplies that by 200 to reach $5 million. This is not an adequate evidentiary showing.  See OnePoint Solutions, LLC. v. Borchert, 486 F.3d 342, 348 (8th Cir. 2007) ("while punitive damages are included in the amount in controversy, the existence of the required amount must be supported by competent proof.").

Courts in this circuit reject such claims of removing defendants who simply point to "plaintiff's estimate of the class size being in the 'thousands'" multiplied by a "one sizes fits all" number for damages to satisfy the $5 million threshold under CAFA.  See Zhang, 2011 WL 1533008 at *7 ("[t]he problem for the defendant is that the plaintiff's estimate for the class size being in the 'thousands' is not an allegation that the class … will have damages" identical to the named plaintiff…. What damages are at stake remains a question mark until the defendant proffers some estimate supported by any evidence.").  CIOX's submission is nothing more than speculation, lacking in any competent proof as to punitive or compensatory damages.

### III. CIOX'S NOTICE OF REMOVAL DOES NOT ESTABLISH GROUNDS FOR THIS COURT TO EXERCISE JURISDICTION.

CIOX's notice of removal does not establish that minimal diversity exists such that there is a basis for jurisdiction under 28 U.S.C. § 1332 because CIOX does not identify its own citizenship.[6]  CIOX states that it is a Georgia corporation with a principal place of business in

---

[6] CIOX also does not establish the plaintiffs' citizenship, instead noting that the plaintiffs are residents of Wisconsin. (R.1, ¶8.a.).  Citizenship, not residency, of an individual person matters for diversity jurisdiction

Georgia.  (R.1, ¶8.b.)  None of this statement is true.

As CIOX knows, it is a limited liability company, not a corporation.  (R.1, Exh. 3.) This difference matters.  "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); see also Civil L.R. 8 ("If a notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. … If any party is a[ ] … limited liability company… the pleading or notice must identify the citizenship of all members.").  To remove a matter to federal court, defendants like CIOX must file a "notice of removal signed pursuant to Rule 11 [ ] containing a short and plain statement of the grounds for removal…." 28 U.S.C. § 1446(a). The notice of removal filed by CIOX does not gives such grounds.  "Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008).  The party seeking removal has the burden of establishing the jurisdiction of the district court.  See Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004); In re Brand Name Prescription Drugs

---

purposes.  Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) (notice of removal asserting that plaintiff was "'resident' of Massachusetts and therefore a 'citizen' of that state" was insufficient for diversity jurisdiction purposes).  Plaintiffs will stipulate that they are Wisconsin citizens, as is the putative class that they seek to represent.

It should be noted that CIOX has glossed over another defendant in the caption:  IOD Incorporated. CIOX agrees that IOD Incorporated was at one point a citizen of Wisconsin, but CIOX claims that this ended on December 31, 2015 and thus does not matter because IOD apparently "no longer exists and thus has no citizenship."  (R.1, ¶11 and Exh. 4).  CIOX then jumps the gun and argues that "The exception to diversity jurisdiction enumerated in Section 1332(d)(4)(A) does not apply because no defendant is a citizen of Wisconsin."  (R.1, ¶11).  The plaintiffs disagree with all of this.  However, as this motion concerns "defects" in the notice of removal pursuant to 28 U.S.C. § 1447, CIOX's assertion regarding IOD's citizenship will be dealt with by separate motion for remand pursuant to 28 U.S.C. § 1332.  See Hart v. FedEx Ground Package System, Inc., 457 F.3d 675, 677 and 682 (7th Cir. 2006) (noting the difference between motions for remand under 28 U.S.C. § 1447(c) and § 1332(d) and how § 1332(d) "imposes no time limit on such a motion").

Antitrust Litig., 123 F.3d 599, 607 (7th Cir. 1997). Failure to comply with § 1446 is a "defect in the removal procedure" that justifies a motion to remand within 30 days of filing the notice of removal. § 1447(c); In re Cont'l Cas. Co., 29 F.3d 292, 293 (7th Cir. 1994). If it appears that the court lacks subject matter jurisdiction, the matter must remand, with or without motion, at any time. § 1447(c). "Any doubt regarding jurisdiction should be resolved in favor of the states[,] and the burden of establishing federal jurisdiction falls on the party seeking removal." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993).

To determine whether this court has diversity jurisdiction, it must know all of the members of CIOX and where those members are considered "citizens." Here, because CIOX's own notice of removal is incorrect on its face and thus incomplete, the plaintiff has a right to request remand. Matter of Continental Casualty Co., 29 F.3d 292, 294 (7th Cir. 1994). Unless amendment is made under 28 U.S.C. § 1653, this Court has the ability to remand this case, even *sua sponte*, on the basis that the defendant failed to establish subject matter jurisdiction. Tylka v. Gerber Prods. Co., 211 F.3d 445, 447 (7th Cir. 2000) and § 1447(c).

**IV. IN THE ALTERNATIVE, THIS COURT SHOULD ORDER THE ENTRY OF DEFAULT AGAINST CIOX PURSUANT TO RULE 55(A), BECAUSE IT HAS FAILED TO TIMELY ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' AMENDED COMPLAINT WITHIN THE TIME PERIOD PRESCRIBED BY RULE 81(C).**

Once an action is removed to federal court, the Federal Rules of Civil Procedure govern the procedures thenceforth: "These rules apply to a civil action after it is removed from a state court." Fed. R. Civ. Pro. 81(c)(1). As our Supreme Court has explained, Rule 81(c)'s "expansive language contains no express exceptions, and indicates a clear intent to have the Rules… apply to all district court civil proceedings." Willy v. Coastal Corp., 503 U.S. 131, 134

(1992) (emphasis added); Granny Goose Foods v. Teamsters, 415 U.S. 423, 441 (1974) ("[O]nce a case has been removed to federal court, its course is to be governed by federal law, including the Federal Rules of Civil Procedure.").

CIOX removed this action on December 15, 2017. (R1) At the time of removal, it had not yet filed an answer to plaintiff's amended complaint, which was electronically filed and served through Wisconsin's efiling system on November 17, 2017. (R1, ¶¶ 3 and 6) Rule 81(c)(2) governs this precise situation, and provides that a defendant who did not file an answer before removal must answer or present other defenses or objections under these rules within the longest of either: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2). Here, the latest of these times was 7 days after filing the notice of removal on December 15, 2017, which made CIOX's answer due by December 22, 2017. CIOX is in default because it has still not filed an answer to plaintiff's amended complaint, long after the time for doing so expired. Accordingly, plaintiffs are entitled to entry of default against CIOX pursuant to Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

### A. Procedural Background

The following timeline is provided to assist the Court in understanding the procedural background of this case up to now, and to demonstrate how CIOX is in default.

| Date | Event |
| --- | --- |
| 5/5/17 | Plaintiffs' initial complaint is filed. (R1, NOR, Exh. 5, Complaint) |
| 6/2/17 | The summons and complaint are served on CIOX through its registered agent. (Eckstein Aff., ¶2, Exh. 1, Affidavit of Service) |
| 7/3/17 | CIOX appears through counsel. (Eckstein Aff., ¶3, Exh. 2, Notice of Retainer) |
| 7/3/17 | CIOX registers for efiling to receive electronic copies of all documents filed in the action. (Eckstein Aff., ¶4, Exh. 3, Electronic Filing Registration Confirmation) |
| 7/3/17 | CIOX electronically files a motion to dismiss for failure to state a claim in lieu of an answer. (Eckstein Aff., ¶5, Exh. 4, Motion to Dismiss) |
| 11/8/17 | Following a hearing, the circuit court denies CIOX's motion to dismiss. |
| 11/11/17 | The circuit court signs an order permitting plaintiffs the right to file an amended complaint on or before November 28, 2017. That order further provides that "Defendants' responses to any amended complaint shall be due according to the deadline set forth in Wis. Stat. § 802.09(1)." (R1, Exh. 5, Order) |
| 11/17/17 | Plaintiffs file an amended complaint. This amended complaint does not add any new parties but rather only adds new claims against the existing defendants. (R1, Exh. 2, Amended Complaint) |
| 11/17/17 | Through Wisconsin's electronic filing system, a copy of the amended complaint is served on counsel for all defendants, including CIOX, that same date.[7] |
| 11/27/17 | Co-defendant Verisma Systems, Inc. answers plaintiffs' amended complaint. (R1, Exh. 5, Verisma's Answer to Amended Complaint) |
| 12/15/17 | CIOX files its notice of removal. (R1) |

---

[7] In its notice of removal, counsel for CIOX concedes that "[o]n November 17, 2017, Plaintiffs filed their Amended Complaint, <u>which Ciox received via the state court electronic filing system the same day</u>." (R1 ¶3 (Emphasis added)

| | |
|---|---|
| 12/22/17 | Deadline for CIOX to answer the amended complaint, or raise other defenses or objections in lieu of an answer. See Fed. R. Civ. P. 81(c)(2). |
| 01/02/18 | When CIOX's answer to the amended complaint would have been due had it not removed this case to federal court. See Wis. Stat. § 802.09(1) (providing a defendant 45 days to file an answer to an amended complaint where, as here, any cause of action raised in the original pleading is founded in tort). |

**B.     Despite Being Properly Served With The Plaintiff's Amended Complaint, CIOX Did Not File A Timely Answer Or Any Motion In Lieu Of An Answer Which Would Toll Its Time To File An Answer.**

Here, CIOX was properly served with plaintiffs' amended complaint through Wisconsin's state court electronic filing system on November 17, 2017. Pursuant to Wisconsin's efiling rules, after a clerk accepts a document for filing, a "notice confirming acceptance" is issued, and "[t]he confirmation shall also serve as proof of service on the other users in the case." Wis. Stat. 801.18(4)(c). Wisconsin's mandatory efiling rules[8] require only the "initiating document," which is defined as "a summons and complaint," to be served by traditional means rather than by efiling. See Wis. Stat §§ 801.18(5)(d) and 801.18(1)(j).[9] Thereafter, all subsequent documents in a case are required to be filed and served electronically, and "for documents that do not require personal service, the notice of

---

[8] Wisconsin's efiling rules for circuit court actions were adopted by Order of the Wisconsin Supreme Court in 2016 with a gradual roll-out to provide counties with time to come into compliance. See S. Ct. Order No. 14-03, "In the matter of the Petition to Create Wisconsin Statute § 801.18," dated April 28, 2016. However, by November 15, 2016, efiling became mandatory in Waukesha County, where this action was initially commenced. (Eckstein Aff., ¶6, Exh. 5). As noted above, counsel for CIOX registered for electronic filing and receipt of all documents in this action when it appeared in this case on July 3, 2017. (Eckstein Aff., ¶4, Exh, 3).

[9] These references to Wisconsin state law are germane, because state procedural rules apply to pre-removal conduct. Price v. Wyeth Holdings Corp., 505 F.3d 624, 628 (7th Cir. 2007).

activity is valid and effective service on the other users and shall have the same effect as traditional service of a paper document...." Wis. Stat. § 801.18(6)(a).

Wisconsin law is crystal clear that once an action has been commenced, personal service of the summons and complaint has been made on the defendant, and an attorney has appeared on behalf of the defendant, an amended complaint <u>may be served on the defendant's attorney, without requiring personal service of an amended summons upon the party</u>. See <u>Bell v. Employers Mutual Casualty Co.</u> 198 Wis. 2d 347, 362-64, 541 N.W.2d 824 (Ct. App. 1995) (holding that service of an amended complaint on counsel for defendant by first class mail was sufficient and proper service, and that "[w]hen the [plaintiffs] amended their complaint to add an additional claim against [defendant], there was no need to re-confer personal jurisdiction over [defendant] via the service of an amended summons....") <u>See also</u> <u>In re Petition of Wisconsin Elec. Power Co.</u>, 110 Wis. 2d 649, 657, 329 N.W.2d 186 (1983) ("[I]t is well-accepted, black-letter law that an attorney is not authorized by general principles of agency to accept on behalf of a client service of process commencing an action," but "[i]n contrast, the black-letter law is that once an action has begun and the attorney has appeared in the action on behalf of a party, service of papers may be upon the attorney.").

It is unclear why CIOX's counsel has not followed the federal rules (or any rules) by not filing an answer to plaintiffs' amended complaint after CIOX availed itself of federal jurisdiction by removing this action to federal court. CIOX's counsel has neither sought from plaintiff's counsel nor been given any extension of time in which to file its answer. (Eckstein Aff., ¶7). As detailed above, the mere removal of a state case to federal court does not toll the time for filing an answer but rather triggers a new deadline which, as in this case, may result

in a shorter period of time in which to file a responsive pleading than would otherwise have existed had the case not been removed.[10] What is clear, however, is that consistent with "black-letter" Wisconsin law, personal service of the amended complaint on CIOX was not required. Instead, service of the amended complaint upon CIOX's counsel through Wisconsin's efiling system on November 17, 2017 was unquestionably proper and effective service. CIOX's co-defendant Verisma Systems, Inc. certainly recognized this, and filed a timely answer to plaintiffs' amended complaint. CIOX, by contrast, inexplicably did not, and, in fact, has still not filed an answer. (R1, ¶6, "Ciox has not served a response to the Amended Complaint.").

Under the clear terms of Rule 81(c), because CIOX did not file an answer to the amended complaint before removing it to federal court, the latest date it had to "answer or present other defenses or objections under these rules" was 7 days after filing its notice of removal on December 15, 2017. That deadline expired on December 22, 2017, without CIOX doing either.[11]

### C. Because CIOX Has Not Timely Answered Plaintiff's Amended Complaint Or Filed Any Motion In Lieu Of An Answer Which Would Toll Its Time To File An Answer, Default Should Be Entered Under Rule 55(a).

As a result of CIOX's failure to answer the amended complaint in the time prescribed

---

[10] As outlined in the timeline above, under Wisconsin law, had CIOX not filed its notice of removal, its answer to plaintiffs' amended complaint would have been due on January 2, 2018. By removing this action to federal court, its answer came due much earlier, on December 22, 2017. Regardless, CIOX has, to date, still not filed an answer, so its answer would be untimely under federal or state law.

[11] The term "other defenses or objections under these rules" contemplated by Rule 81(c)(2) refers to and includes the defenses covered by Fed. R. Civ. P. 12(b). See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 141 (5th Cir. 2007) (explaining that Rule 81(c) operates to "set the deadline for [a defendant] to make its first responsive pleading or motion after removal").

by Fed. R. Civ. P. 8 1(c), entry of default should be entered under Fed. R. Civ. P. 55(a). Rule 55(a) states in relevant part, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk <u>shall</u> enter the party's default." (Emphasis added)

Plaintiffs have established that CIOX: 1) was properly served with plaintiffs' amended complaint on November 17, 2017; 2) was required under Rule 81(c)(2) to file an answer by December 22, 2017, 7 days after filing its notice of removal; and 3) failed to file an answer within that time, and in fact, has still not filed an answer. These facts entitle the plaintiffs to entry of default as a matter of law.

Dated at Brookfield, Wisconsin this 16th day of January, 2018.

                              **CANNON & DUNPHY, S.C.**
                              Attorneys for Dilger Plaintiffs

By:    <u>/s/ Attorney Brett A. Eckstein</u>
        Brett A. Eckstein, State Bar No. 1036964
        Edward E. Robinson, State Bar No. 01025122
        Sarah F. Kaas, State Bar No. 1027895
        595 North Barker Road; P. O. Box 1750
        Brookfield, WI  53008-1750
        (262) 796-3702
        (262) 796-3712