# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL R. DILGER, DERRICK J. HAMMETTER,
ANTOINETTE M. VINKAVICH, PATRICIA A.
SKRZYPCHAK, AND DON TIEGS,

        Plaintiffs,

    v.

IOD INCORPORATED, ABC INSURANCE CO.,
VERISMA SYSTEMS, INC., DEF INSURANCE CO.,
CIOX HEALTH, LLC, and GHI INSURANCE CO.,

        Defendants.

Case No.: 2:17-CV-1753

## MEMORANDUM IN SUPPORT OF CIOX HEALTH, LLC'S
## MOTION TO EXTEND TIME TO RESPOND TO AMENDED COMPLAINT

Defendant Ciox Health, LLC ("Ciox") respectfully requests that the Court extend its time to respond to the Amended Complaint pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Due to a calendaring error and the subsequent distraction of being embroiled in an overlapping putative class action involving the same plaintiffs and counsel (among others) and a second overlapping putative class action involving the same principal claim against Ciox as the first two, counsel for Ciox neglected to file a timely response to the Amended Complaint. Ciox now asks the Court to permit the filing of a response so that this case may be addressed on the merits. An extension of time under Rule 6(b)(1)(B) is appropriate because counsel's neglect was excusable and good cause exists to allow Ciox to assert its defenses. Counsel's neglect was excusable because (1) Plaintiffs have not suffered any prejudice from the delay, (2) the delay will not impact the case schedule, (3) unusual and extenuating circumstances led to the delay, and (4) Ciox has at all times acted in good faith.

**BACKGROUND**

This case is the second of three class actions filed against Ciox based upon disputed fees charged for the provision of patient health care records to individuals holding HIPAA authorizations (such as personal injury attorneys). The first case, *Moya v. Aurora Healthcare, Inc., et al.*,[1] was filed in 2013 and litigated up to the Wisconsin Supreme Court before being remanded and moving to the class certification stage. The parties in *Moya* have been briefing and arguing class certification issues since June of 2017, and continue to do so.

The second two cases, *Dilger, et al. v. IOD Incorporated, et al.* and *Meyer v. Ciox Health, et al.*,[2] arose after the supreme court ruled in favor of the plaintiff in *Moya*. The plaintiffs in both *Dilger* (this case) and *Meyer* seek to represent classes of individuals allegedly charged improper fees by Ciox and other defendants, just as the *Moya* plaintiffs are attempting to do. (*See generally* Manna Decl. Ex. A: *Moya* Compl. and Ex. B: *Meyer* Compl.) The putative classes potentially overlap, so in the midst of class certification proceedings in *Moya*, the *Dilger* plaintiffs sought to intervene in order to protect their alleged rights. The *Dilger* plaintiffs filed a motion to intervene in *Moya* on October 23, 2017, and the court granted them leave to intervene "to the extent that those parties will be permitted to be heard on the issues raised in [their] Motion to Intervene." (Manna Decl. Ex. C: Nov. 30, 2017 Order in *Moya*.) In the same order, the *Moya* court stayed a class certification order it had entered on November 1, 2017 in order to permit further briefing on Ciox's Motion for Clarification or Modification of the class certification order (filed Nov. 15, 2017) and on other issues raised by the court. (*See id.*) In an order entered on the date this Motion was filed, the *Moya* court denied the *Dilger* plaintiffs'

---

[1] Milwaukee County Case No. 13-CV-2642.
[2] Dane County Case No. 17-CV-1786.

Motion to Intervene and halted the stay of its class certification order.  (*See* Manna Decl. Ex. D: Jan. 17, 2018 Order in *Moya*.)

In the midst of the extensive briefing in *Moya*, the plaintiffs in this action filed their Amended Complaint.  As discussed in Ciox's Notice of Removal, the Amended Complaint established for the first time that the amount-in-controversy requirement for diversity jurisdiction under the Class Action Fairness Act was satisfied.  Ciox accordingly removed the case to this Court on December 15, 2017.  Under normal circumstances, Ciox's counsel would work with their staff to immediately calendar the post-removal deadline to respond to state court pleadings from Federal Rule of Civil Procedure 81(c)(2).  (Manna Decl. ¶ 6.)  In this case, that deadline was seven days after removal, or December 22, 2017.  *See* Fed. R. Civ. P. 81(c)(2)(C).  Due to an oversight, however, that deadline was not immediately calendared.

In the days immediately following removal of this case, Ciox's counsel were busy completing the briefing of a dispositive motion in *Meyer*, the third putative class action.  (Manna Decl. ¶ 7.) Focus on that briefing, along with consistent engagement with the *Dilger* plaintiffs' counsel in *Moya* and a flurry of filings in *Moya* in the last two business days of the year, led to the calendaring error remaining undiscovered in 2017.  (*Id.* ¶ 8.)  Ciox's counsel spent the first two weeks of the new year preparing two additional briefs in *Moya* (responding to the year-end filings by the *Moya* plaintiffs), and were not alerted to the calendaring error until the evening of January 16, 2018 (the day prior to the filing date of this Motion).  (*Id.*)

No proceedings have yet taken place in this case in this Court.  There is no case schedule, and a scheduling conference is scheduled for January 18, 2017.  Plaintiffs have filed a motion to remand, but the arguments for remand have no relation to Ciox counsel's failure to file a timely

3

response to the Amended Complaint. An extension of time to file a response would therefore have no effect on the progress of proceedings in this Court.

**ARGUMENT**

**I.     The Excusable Neglect Standard Governs This Motion.**

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Lewis v. School Dist. # 70,* 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)). The factors to consider include the danger of prejudice, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith. *Id.* Each of these factors weighs in favor of a finding of excusable neglect here.

**II.    Ciox Counsel's Error Was the Result of Excusable Neglect.**

Counsel's failure to calendar a date and later failure to recognize that omission in the midst of a busy holiday season, and while engaged with the same attorneys on behalf of the same client in a case with similar claims and allegations as this one, are regrettable but should not be dispositive. The factors that the Supreme Court has articulated for evaluating motions under Rule 6(b)(1)(B) all favor, or at least do not disfavor, a finding of excusable neglect.

**a. There is no danger of prejudice due to Ciox counsel's error.**

The plaintiffs in this case will not be prejudiced in any way by Ciox counsel's failure to file a timely response to the Amended Complaint. Nothing has happened in this case since removal, and Ciox's response to the Amended Complaint has no bearing on the plaintiffs'

attempt to intervene in the *Moya* case. Further, the plaintiffs are unlikely to be surprised by Ciox's position on any issue. Ciox and its predecessor, HealthPort Technologies, LLC, have been litigating the very similiar *Moya* case since 2013. Plaintiffs' counsel have obviously paid close attention to those proceedings, and the plaintiffs were parties to that action, if temporarily. Ciox has addressed essentially the same allegations (including class allegations) in *Moya* that it faces here, so there is no mystery regarding how Ciox will respond to the Amended Complaint. Plaintiffs are further guided by the state court's ruling on Ciox's Motion to Dismiss the original Complaint, which limits to some degree the defenses Ciox can assert.

Even if Ciox were to respond to the Amended Complaint in a novel way, however, the plaintiffs still could not claim prejudice because there are no dates set in this case. Plaintiffs have not lost any meaningful time to investigate Ciox's defenses because the parties have yet to schedule a Rule 26(f) conference and discovery has not yet begun.

**b. The delay occasioned by the error will have no impact on judicial proceedings.**

As there is no schedule in place, the delay in filing a response to the Amended Complaint will not affect these proceedings. Ciox does not intend to file a dispositive motion at this time, so there is unlikely to be further briefing arising out of Ciox's response. Nor should Ciox's response affect the proceedings on the plaintiffs' Motion to Remand. That motion is based upon documents already on file, and Ciox's responses to the allegations in the Amended Complaint are unlikely to make any difference in the Court's evaluation of that motion.

This "effect on proceedings" factor includes consideration of the length of the delay. While 25 days elapsed between the missed deadline and this Motion, Ciox did not become aware of the error until January 16, whereupon it took action in under 24 hours. In *Tuholski v. Delavan Rescue Squad, Inc.*, No. 13-CV-1349, 2014 WL 2881564, at *1 (E.D. Wis. June 25, 2014), as

5

here, the defendant received an electronic notification of the filing of an amended complaint, but failed to file a timely response. Then, a full 30 days after the response deadline, the defendant filed a motion for an extension. *Id.* The court found that "the likely cause of the untimely filing was miscalendaring by defense counsel," but noted that "[e]ven so, attorney error can constitute excusable neglect where the attorney acted in good faith and the error did not prejudice the opposing party." *Id.* at *2 (citing *Crue v. Aiken*, 370 F.3d 668, 680–81 (7th Cir. 2004)). After examining the other excusable neglect factors, the court concluded that an extension of time was warranted. *Id.* In granting the extension, the court found that '[t]he serious penalty of default judgment is not warranted in this case." *Id.* at *3. So too here.

### c. Unusual circumstances compounded a simple mistake to result in the delay.

The unfortunate combination of the initial error, the holidays, the activity in similar putative class actions, and the presence of the same parties, counsel, and allegations in the more active *Moya* case, led to the highly unusual result of Ciox's counsel losing track of the deadline to respond to the Amended Complaint. Under most circumstances that error would have been discovered, but these circumstances were abnormal and the error went unnoticed.

### d. Ciox has at all times acted in good faith.

Both Ciox and its counsel have at all times sought to defend this case vigilantly and in good faith. Ciox's past activity in this case demonstrates this: Ciox both moved to dismiss the original Complaint and removed the case to this Court as soon as it had the right to do so. This delay is neither strategic nor tactical; it was simply the result of a mistake that remained undetected for too long.

## CONCLUSION

"Courts prefer that claims be decided on the merits, rather than technicalities, and where no prejudice is shown, are inclined to rule so as to allow such a determination." *Pulera, v. Sarzant*, No. 15-C-461, 2017 WL 6557555, at *6 (E.D. Wis. Dec. 22, 2017) (Griesbach, C.J.). If Ciox is not permitted to file a responsive pleading, this case will likely be decided not on the merits, but though the technicality of default judgment. Ciox's attorneys' error has not prejudiced the plaintiffs in any way, so this case should proceed to a merits determination. Ciox therefore respectfully requests that the Court find that its attorneys' failure to file a timely response to the Amended Complaint was the result of excusable neglect, and grant Ciox the opportunity to file an immediate response to the Amended Complaint.[3]

Dated: January 17, 2018.

> GASS WEBER MULLINS LLC
> Attorneys for Defendant Ciox Health, LLC
>
> s/Daniel A. Manna
> John Franke, SBN 1017283
> Daniel A. Manna, SBN 1071827
> 241 N. Broadway, Suite 300
> Milwaukee, Wisconsin 53202
> (414) 223-3300 – phone
> (414) 224-6116 – fax
> franke@gwmlaw.com
> manna@gwmlaw.com

---

[3] Ciox's proposed response to the Amended Complaint is filed as an exhibit to this Memorandum.