**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

**CAROLYN MOYA**
3427 W. Greenfield Ave.
Milwaukee WI 53215

13CV002642

Individually and on behalf of a class of others similarly situated,

    Plaintiff

v.

Case No.:
Case Code:    30301

**HEALTHPORT TECHNOLOGIES, LLC**
c/o Registered Agent
CSC-Lawyers Incorporating Service Company
8040 Excelsior Drive
Suite 400
Madison, WI 53717

and

**AURORA HEALTHCARE, INC**
c/o Registered Agent
Michael Lappin
750 W Virginia St
Milwaukee, WI 53204

    Defendants.



FILED AND AUTHENTICATED
MAR 2 0 2013
JOHN BARRETT
Clerk of Circuit Court

## CLASS ACTION COMPLAINT & REQUEST FOR JURY TRIAL

Plaintiff Carolyn Moya ("Moya"), through her undersigned counsel files this Class Action Complaint and Request for Jury Demand on her individual behalf and on behalf a class of similarly situated persons against Defendants Healthport Technologies, LLC ("Healthport") and Aurora Healthcare, Inc. ("Aurora") and says in support:

## I. PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin who resides at the address captioned above and was formerly known as Carolyn Rosado.

2. The Defendant, Healthport Technologies, Inc., is a corporation duly licensed to conduct business in the State of Wisconsin and whose registered agent for service of process is captioned above.

3. The Defendant, Aurora Healthcare, Inc. is a corporation duly licensed to conduct business in the State of Wisconsin and whose registered agent for service of process is captioned above.

4. Upon information and belief, Defendant, Aurora Healthcare, Inc., is the parent corporation for approximately 15 hospitals, 172 clinics, 70 pharmacies and several medical groups.

5. That, upon information and belief, Aurora is self-described as a network of doctors, physicians and hospitals and is active in 31 counties in Wisconsin and northern Illinois with over 30,000 caregivers and 1,500 employed physicians.

6. That, upon information and belief, Aurora has over 1 million patient visits per year and has the largest home care organization in Wisconsin with approximately $4.3 billion in annual revenue.

## II. BACKGROUND

7. The Citizens of Wisconsin have valid interests in obtaining copies of their medical records. They may want them to provide to their healthcare providers, for further evaluation, to pursue legal claims for injuries or simply to maintain the records out of

2

personal concerns. Whatever the reason, the records must be made available for them to obtain.

8. While the citizens may want to obtain copies of their health records, the providers do not want to bear the expense of providing copies of the records to their patients.

9. The Wisconsin Legislature has addressed the respective wants and needs of both patients and the health care providers by enacting a statute, Wis. Stat. §146.83, that establishes the patient's rights to copies and sets the maximum compensation that the health care providers who provide the records may charge.

10. At this time, the production of copies of electronically stored information can be accomplished at minimal cost. The copy cost by a third party, such as Staples, starts at $.03 per page for black and white and up to $.12 per page for color copies.

11. The rates allowed by the Wisconsin law are substantially more than the costs of obtaining copies form third parties. Under Wis. Stat. §146.83, the charges may be as follows:

> (b) Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):
>
> 1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.
>
> 2. For microfiche or microfilm copies, $1.50 per page.
>
> 3. For a print of an X-ray, $10 per image.
>
> 4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.
>
> 5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.
>
> 6. Actual shipping costs and any applicable taxes.

3

12. As a result of the high copy cost allowed under the statute, companies like the Defendants have formed a cottage industry to handle the copy request business on behalf of health care providers. The cottage industry providers like the Defendant, Healthport Technologies, Inc., can make substantial profit.

13. In addition to the generous per copy charge allowed by the statute, the statute also allows additional charges under certain circumstances. For example, an $8.00 certification fee and $20.00 retrieval fee are allowed only if the request is from someone other than the patient or someone "authorized by the patient."

14. Medical records may be released without the patient's authorization under Wis. Stat. 146.82(2), and, in that event, the provider may charge the $8.00 certification fee and a $20.00 retrieval fee.

15. This action arises because the Defendants, Aurora and/or Healthport, have attempted to enhance their profits that they can make off the already generous allowable legislative per copy charge by also routinely charging patients or persons authorized by the patient, an $8.00 certification fee, a $20.00 retrieval fee or other fees not authorized by the statute.

16. The Plaintiff, Carolyn Moya, is one person who the Defendants charged fees in excess of the amount allowed by the Wisconsin statute.

17. The Plaintiff also seeks to represent other persons who are similarly situated to her because the relatively low dollar amount of the overcharges by the Defendants make it an appropriate situation for a case under Wis. Stat. Sec. §803.08 which provides:

> When the question before the court is one of a common or general interest of many persons or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.

18. Whether or not the Defendants have been charging in excess of the generous amounts allowed by Wisconsin law is a common or general interest to any person who has been charged by the Defendants or who may deal with the Defendants in the future.

19. Upon information and belief, the common or general interest question raised and causes of actions presented are of a common and general interest of many persons and those persons are very numerous and it would be impracticable to bring all such persons before the court.

20. Plaintiff should be permitted to proceed to sue for the benefit of the whole.

### III. JURISDICTION & VENUE

21. This Court has jurisdiction over Defendants in that both Healthport and Aurora conduct substantial business in Milwaukee County and are registered in this State to conduct business.

22. . Venue is also appropriate in this County because both Healthport and Aurora conduct substantial business in Milwaukee County and Aurora has, upon information and belief, thousands of employees, as well as numerous hospitals and clinics in Milwaukee County.

### IV. FACTS

23. Carolyn Moya was injured on April 21, 2011 when she was involved in a car crash.

24. Ms. Moya retained attorneys who processed her personal injury claim.

25. Ms. Moya signed HIPPA releases authorizing the release of medical information to her attorneys.

26. Ms. Moya's attorneys sought certified medical records and billings from Aurora.

27. That Aurora contracts its medical record production, in whole or in part, to Healthport.

28. That Healthport produced the certified medical records and billings from Aurora to Ms. Moya's attorneys.

29. That Healthport charged to Ms. Moya a "basic fee" and/or a "certification fee" for medical records and medical bill requests contrary to statute.

## FIRST CAUSE OF ACTION

## VIOLATION OF WIS. STAT. §146.83
## ON BEHALF OF PLAINTIFF AND OTHERS

30. Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

31. Wis. Stat. §146.83 (b) only permits the collection of an $8.00 certification fee or a $20.00 retrieval fee if the request is made by someone other than the patient or someone other than one who is authorized by the patient.

32. Wis. Stat. §146.81 states that a "person authorized by the patient" includes "any person authorized in writing by the patient or a health care agent...."

33. For medical records production related to Healthport invoice number 0105134705, the Defendants charged the Plaintiff a "basic fee" of $20.00 and a certification fee of $8.00 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit A.

34. For medical records production related to Healthport invoice number 0105333114, the Defendants charged the Plaintiff a "basic fee" of $20.00 and a certification fee of $8.00 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit B.

35. For medical records production related to Healthport invoice number 0107956537, the Defendants charged the Plaintiff a "basic fee" of $20.00 and a certification fee of $8.00

although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit C.

36. For medical records production related to Healthport invoice number 0112343639, the Defendants charged the Plaintiff a "basic fee" of $20.00 and a certification fee of $8.00 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit D.

37. For medical records production related to Healthport invoice number 0112772006, the Defendants charged the Plaintiff a "basic fee" of $20.30 and a certification fee of $8.12 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit E.

38. For medical records production related to Healthport invoice number 0114744512, the Defendants charged the Plaintiff a "basic fee" of $20.30 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit F.

39. For medical records production related to Healthport invoice number 0117521772, the Defendants charged the Plaintiff a "basic fee" of $20.30 and a certification fee of $8.12 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit G.

40. For medical records production related to Healthport invoice number 0117599621, the Defendants charged the Plaintiff a "basic fee" of $20.30 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit H.

7

Case 2:17-cv-01753-WED   Filed 01/17/18   Page 7 of 10   Document 18-1

41. For medical records production related to Healthport invoice number 0118590799, the Defendants charged the Plaintiff a "basic fee" of $20.30 and a certification fee of $8.12 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit I.

42. For medical records production related to Healthport invoice number 0118996961, the Defendants charged the Plaintiff a "basic fee" of $20.30 and a certification fee of $8.12 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit J.

43. For medical records production related to Healthport invoice number 0122500370, the Defendants charged the Plaintiff a "basic fee" of $20.30 and a certification fee of $8.12 although the request was made by the plaintiff or a person authorized in writing by the Plaintiff, namely, her attorneys. *See* Exhibit K.

44. That all invoices issued from Healthport to Plaintiff were paid. *See* Exhibit L.

45. The Defendants have charged others a basic fee and/or a certification fee or other inappropriate fees although the request for the records or bills was made by the patients themselves or persons authorized in writing by them.

46. The Defendants are not entitled to charge the Plaintiff or others a basic fee or a certification fee or retrieval fees when they request their own records or someone authorized by them in writing has requested their records.

47. The Defendants have charged non-allowed fees and fees in excess of the amounts allowed by Wisconsin law.

48. The Defendants have violated the provisions of Wis. Stat. §146.83.

49. The Plaintiff and each person who has been charged a basic fee, retrieval fee or certification fee when that person or a person authorized by them in writing has requested their own records is entitled to recover the fees charged by the Defendants.

50. Upon information and belief, the total amount collected by the Defendants for basic fees, retrieval fees, certification fees or other inappropriate fees does not exceed $2,000,000.00.

51. That Defendants knowingly and willfully violated Wis. Stat. §146.83 by charging a basic fee, retrieval fees, certification fee or other inappropriate fees.

52. That the violation of Wis. Stat. §146.83, subjects Defendants to exemplary damages up to $25,000.00 per violation, plus costs and reasonable actual attorney fees pursuant to Wis. Stat. §146.84(1)(b).

53. That Plaintiff, and all other similarly situated Citizens, have incurred actual damages due to Defendants knowing and willful violation of Wis. Stat. §146.83.

54. That Plaintiff, and all other similarly situated Citizens, are entitled to recover their damages, plus exemplary damages of $25,000.00 per violation, plus costs and reasonable actual attorney fees from Defendants for their knowing and willful violation of Wis. Stat. §146.83.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in favor of Plaintiff and all others and against the Defendant for compensatory damages in an amount to be determined at trial by a jury; for exemplary damages of $25,000.00 per violation, plus costs and reasonable actual attorney's fees incurred by Plaintiff; and grant Plaintiff such other and further relief as this court finds necessary and proper.

Dated this 20th day of March, 2013.

WELCENBACH LAW OFFICES, S.C.
Attorney for Plaintiff

By: /s/ Robert Welcenbach
Robert J. Welcenbach
State Bar No. 1033091

Drafted by:
Robert J. Welcenbach
Welcenbach Law Offices, S.C.
2100 N. Mayfair Rd
Suite 102
Milwaukee, WI 53226

414-774-7330
414-774-7670

10