# Delaware 

The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "SMART HOLDINGS CORP.", FILED IN THIS OFFICE ON THE TWENTY-EIGHTH DAY OF MAY, A.D. 2002, AT 12 O`CLOCK P.M.*

*Jeffrey W. Bullock, Secretary of State*

3529127  8100  
SR# 20180682046

Authentication: 202082104  
Date: 02-02-18

You may verify this certificate online at corp.delaware.gov/authver.shtml

*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 12:00 PM 05/28/2002*
*020336386 – 3529127*

# CERTIFICATE OF INCORPORATION

# OF

# SMART HOLDINGS CORP.

### 1.

### NAME

The name of the corporation is Smart Holdings Corp. (the "Corporation").

### 2.

### PURPOSE AND NATURE OF BUSINESS

The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the Delaware General Corporation Law (the "DGCL").

### 3.

### CAPITAL STOCK

3.1 <u>Authorized Classes of Stock and Numbers of Shares Per Class</u>. The total number of shares of all classes of capital stock that the Corporation is authorized to issue is 2,000 shares, consisting of (a) 1,000 shares of voting common stock, par value $.01 per share (the "Voting Common Stock") and (b) 1,000 shares of non-voting common stock, par value $.01 per share (the "Non-Voting Common Stock" and together with the Voting Common Stock, the "Common Stock"). The powers, preferences and rights, and the qualifications, limitations and/or restrictions thereof, in respect of the shares of each class of the Common Stock shall be as hereinafter provided.

3.2 <u>Rights and Preferences</u>. The following is a statement of the powers, preferences and rights, and the qualifications, limitations and restrictions, in respect of each class of the Common Stock.

(1) <u>Rank</u>. Except as otherwise set forth herein and as provided by law, each share of Common Stock shall rank pari passu with each other share of Common Stock and shall entitle the holder thereof to the same powers, preferences and rights.

(2) <u>Dividends and Distributions</u>. The holder of each share of the Common Stock shall be entitled to receive, when, as and if declared by the Board of Directors, whether payable in cash, property or securities of the Corporation, dividends or other distributions in the same per share amount.

(3) <u>Liquidation</u>. In the event of any liquidation, dissolution or winding up of the Corporation, whether voluntary or involuntary, after payment or provision for payment of the debts and other liabilities of the Corporation, the net liquidation proceeds available for distribution to the stockholders of the Corporation shall be distributed equally among the shares of Common Stock.

(4) <u>Reorganization, Consolidation, Statutory Share Exchange, Merger or Sale or Other Disposition of Shares</u>. In the event of a reorganization, consolidation or merger of the Corporation, each holder of a share of Common Stock then outstanding shall be entitled to receive the same kind and amount of consideration (whether consisting of cash, property or securities) to be received by each other holder of a share of Common Stock. The same principles as set forth in the preceding sentence shall apply in the case of any sale or other disposition of all the shares of Common Stock of the Corporation, with respect to the allocation, entitlement and payment of the total proceeds realized from such sale or other disposition.

3.3 <u>Voting Rights</u>.

(1) <u>Voting Common Stock</u>. Each holder of Voting Common Stock shall have the right to vote on all matters brought to the stockholders of the Corporation. With respect to all such matters upon which stockholders are entitled to vote or give consent, each holder of Voting Common Stock shall be entitled to one (1) vote (in person or by proxy) for each share of Voting Common Stock held by such holder on the record date for the determination of stockholders entitled to vote.

(2) <u>Non-Voting Common Stock</u>. Except as otherwise expressly required by applicable law, the holders of Non-Voting Common Stock shall have no voting rights.

(3) <u>Quorum</u>. A quorum for a stockholder vote shall not exist unless the holders of a majority of the outstanding shares of Voting Common Stock are represented in person or by proxy. No written consent to any stockholder action shall be valid unless signed by or on behalf of the holders of a majority of the outstanding shares of Voting Common Stock.

3.4 <u>Record Holders</u>. The Corporation and its transfer agent, if any, may deem and treat the record holder of any shares of Common Stock as the true and lawful owner thereof for all purposes, and neither the Corporation nor the transfer agent, if any, shall be affected by any notice to the contrary.

4.

## BOARD OF DIRECTORS

4.1 <u>Number; Election</u>. The number of members of the Board of Directors of the Corporation shall be as specified in the Bylaws of the Corporation. Election of directors need not be by written ballot unless the Bylaws of the Corporation so provide.

4.2 <u>Powers</u>. The directors are hereby empowered to exercise all such powers and do all such acts and things as may be exercised or done by the Corporation, subject to the provisions of the DGCL, of this Certificate of Incorporation, and of any Bylaws from time to time adopted; provided, however, that no Bylaw so made shall invalidate any prior act of the directors which would have been valid if such Bylaw had not been made.

4.3 <u>Bylaws</u>. The Board of Directors is expressly authorized to adopt, amend and repeal the Bylaws of the Corporation.

5.

## DIRECTOR LIABILITY

The directors of the Corporation shall be entitled to the full benefits of all limitations on the liability of directors generally that are now or hereafter become available under the DGCL. Without limiting the generality of the foregoing, no director of the Corporation shall be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the DGCL, or (iv) for any transaction from which the director derived an improper personal benefit. Any repeal or modification of this Article 5 shall be prospective only, and shall not affect, to the detriment of any director, any limitation on the personal liability of a director of the Corporation existing at the time of such repeal or modification.

3

6.

## REGISTERED OFFICE

The address of the Corporation's registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, County of New Castle. The name of the Corporation's registered agent at such address is The Corporation Trust Company.

7.

## INCORPORATOR

The name and mailing address of the incorporator is as follows:

> John H. Booher
> King & Spalding
> 191 Peachtree Street
> Atlanta, Georgia 30303-1763

I, the undersigned, for the purpose of forming a corporation under the laws of the State of Delaware, do make, file and record this Certificate of Incorporation, and, accordingly, have hereto set my hand this 28th day of May, 2002.

INCORPORATOR

By: *(signed)* John H. Booher

4